**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 15-21599-cv-ALTONAGA/O'Sullivan**

SHIPPING AND TRANSIT LLC,

                Plaintiff,

vs.

EDIBLE ARRANGEMENTS, LLC,   .

                Defendant.

---

## ANSWER AND COUNTERCLAIM OF EDIBLE ARRANGEMENTS, LLC

Defendant Edible Arrangements LLC ("Edible Arrangements"), for its Answer to the Complaint for Patent Infringement of Shipping and Transit LLC ("Plaintiff") and its Counterclaim, states as follows:

1.      Edible Arrangements admits that Plaintiff purports to state a cause of action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. Edible Arrangements denies the remaining allegations of Paragraph 1.

2.      Edible Arrangements admits that this Court has subject matter jurisdiction over this action.

3.      Edible Arrangements admits that the Court has personal jurisdiction over Edible Arrangements. Edible Arrangements admits it conducts business in Florida. Edible Arrangements denies the remaining allegations of Paragraph 3.

4.      Edible Arrangements denies venue is proper in this Court because Edible Arrangements is unaware of any witnesses, documents, or other evidence in this judicial district. The Southern District of Florida is not the most convenient forum to adjudicate this dispute.

5.      Edible Arrangements is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies the same.

6.      Edible Arrangements admits that it is a Connecticut Limited Liability Company. Edible Arrangements admits that it transacts business in the state of Florida and this judicial district. Edible Arrangements denies the remaining allegations of Paragraph 6.

7.      Edible Arrangements admits that there is an issue date of April 18, 2006, on United States Patent Number 7,030,781 ("the '781 patent") entitled "Notification System and Method that Informs a Party of Vehicle Delay" and that a copy of the '781 patent was attached to the complaint. Edible Arrangements denies the remaining allegations of Paragraph 7.

8.      Edible Arrangements admits that there is an issue date of December 13, 2005, on United States Patent Number 6,975,998 ("the '998 patent") entitled "Package Delivery Notification system and Method" and that a copy of the '998 patent was attached to the complaint. Edible Arrangements denies the remaining allegations of Paragraph 8.

9.      Edible Arrangements admits that there is an issue date of July 15, 2008, on United States Patent Number 7,400,970 ("the '970 patent") entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle" and that a copy of the '970 patent was attached to the complaint. Edible Arrangements denies the remaining allegations of Paragraph 9.

10.      Edible Arrangements admits that there is an issue date of June 7, 2005, on United States Patent Number 6,904,359 ("the '359 patent") and that an incomplete copy of the '359 patent was attached to the complaint. Edible Arrangements denies that the '359 patent is entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events." Edible Arrangements denies the remaining allegations of Paragraph 10.

11.    Edible Arrangements admits that '781 patent was the subject of an Ex Parte Reexamination at the United States Patent and Trademark Office.  Edible Arrangements admits a re-examination certificate was issued on July 2, 2013 and a copy was attached to the complaint. Edible Arrangements denies the remaining allegations of Paragraph 11.

12.    Edible Arrangements admits that '359 patent was the subject of an Ex Parte Reexamination at the United States Patent and Trademark Office.  Edible Arrangements admits a re-examination certificate was issued on May 25, 2010 and a copy was attached to the complaint. Edible Arrangements denies the remaining allegations of Paragraph 12.

## COUNT I

13.    Edible Arrangements incorporates herein its responses to Paragraphs 1-12. Edible Arrangements denies any remaining allegation contained in Paragraph 13.

14.    Edible Arrangements denies each and every allegation in Paragraph 14.  Edible Arrangements does not make, use, sell or offer to sell any product or service named "Advance Ship Notice" or "Shipping Confirmation Email."  All of Edible Arrangements' actual products and services, including all of its customer communications and its webpages, lack one or more elements of every claim in the four asserted patents. For example:

(a)    Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(b)    Edible Arrangements does not "permit the user to establish a first communication link with a host computer system" and "receive during the first communication link at the host computer system an identification of one or more events relating

to the status" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(c) Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(d) Edible Arrangements' products and services do not provide a method for "initiating a second communication link…based upon occurrence of the predefined one or more events by the vehicle during the travel" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(e) Edible Arrangements' products and services do not provide a "means for permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(f) Edible Arrangements' products and services do not provide "means for receiving during the first communication link at the host computer system an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(g) Edible Arrangements' products and services do not provide a "means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in

relation to a location" as required by claims 41-42 and 54-56 of the '359 patent as reexamined.

(h)     Edible Arrangements' products and services do not provide "means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(i)     Edible Arrangements' products and services do not provide a "means for permitting a user to predefine at a computer system one or more events that will cause communication of a notification relating to the status of a mobile vehicle" as required by claims 43 and 57 of the '359 patent as reexamined.

(j)     Edible Arrangements' products and services do not comprise a "memory storing a vehicle schedule" as required by claims 1-5 of the '998 patent.

(k)     Edible Arrangements' products and services do not comprise a "system manager configured to analyze said vehicle schedule and to determine, based on said order, a second time period that said vehicle is expected to deliver" a package as required by claims 1-5 of the '998 patent.

(l)     Edible Arrangements' products and services do not "transmit a notification message" to any recipient "identifying said second time period" as required by claims 1-5 of the '998 patent.

(m)     Edible Arrangements' products and services do not execute "receiving a plurality of packages" as required by claims 6-9 of the '998 patent.

(n)     Edible Arrangements' products and services do not execute "determining, based on said order [or packages to be delivered], a first time period that said vehicle is

expected to deliver one of said packages to a recipient" as required by claims 6-9 of the '998 patent.

(o)     Edible Arrangements' products and services do not execute "causing a notification message to be transmitted to said recipient based on said determining a first time period step" that "indicates[] said first time period" as required by claims 6-9 of the '998 patent.

(p)     Edible Arrangements' products and services do not provide a "means for receiving a plurality of packages" or "means for assigning each of said packages to a vehicle" as required by claims 10-13 of the '998 patent.

(q)     Edible Arrangements' products and services do not provide a "means for determining a first time period that [a] vehicle is expected to deliver one of said packages to a recipient" as required by claims 10-13 of the '998 patent.

(r)     Edible Arrangements' products and services do not provide a "means for causing a notification message to be transmitted to said recipient, said notification message indicating said first time period" as required by claims 10-13 of the '998 patent.

(s)     Edible Arrangements' products and services do not comprise "monitoring travel data associated with a vehicle" as required by claim 5 of the '781 patent.

(t)     Edible Arrangements' products and services do not comprise "comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 5 of the '781 patent.

(u)     Edible Arrangements' products and services do not comprise "contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 5 of the '781 patent.

(v)     Edible Arrangements' products and services do not comprise "informing the user of the vehicle delay with respect to the vehicle stop" or  informing a user "of updated impending arrival of the vehicle" as required by claim 5 of the '781 patent.

(w)     Edible Arrangements' products and services do not comprise "means for monitoring travel data associated with a vehicle" as required by claim 11 of the '781 patent.

(x)     Edible Arrangements' products and services do not comprise "means for comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 11 of the '781 patent.

(y)     Edible Arrangements' products and services do not comprise "means for contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 11 of the '781 patent.

(z)     Edible Arrangements' products and services do not comprise "means for informing the user of the vehicle delay with respect to the vehicle stop" or  means for informing a user "of updated impending arrival of the vehicle" as required by claim 11 of the '781 patent.

(aa)    Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options

including at least an activation option for instigating monitoring of travel data associated with a vehicle" as required by claims 1-3 of the '970 patent.

(bb) Edible Arrangements' products and services do not comprise "means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data" as required by claims 1-3 of the '970 patent.

(cc) Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options including at least the option for requesting information pertaining to the particular vehicle, the information being a vehicle type, a number of vehicle stops that will be encountered while the vehicle is en route to the stop location or both" as required by claims 4-7 of the '970 patent.

(dd) Edible Arrangements' products and services do not comprise "means for initiating a notification communication pertaining to the vehicle with the user, based upon the travel data" as required by claims 4-11 of the '970 patent.

15. Edible Arrangements denies each and every allegation in Paragraph 15.

WHEREFORE, Plaintiff has asserted three expired patents that are ineligible for injunctive relieve, have suffered no damages, and are not entitled to a judgment against Defendant or any of the relief requested in Plaintiff's WHEREFORE clause.

## COUNT II

16. Edible Arrangements incorporates herein its responses to Paragraphs 1-15. Edible Arrangements denies any remaining allegation contained in Paragraph 16.

17. Edible Arrangements denies each and every allegation in Paragraph 17.  Edible Arrangements does not induce others to make, use, sell or offer to sell any product or service

named "Advance Ship Notice" or "Shipping Confirmation Email." Edible Arrangements does not induce others to infringe or contribute to the infringement of others. All of Edible Arrangements'' actual products and services, including all of its customer communications and its webpages, lack one or more elements of every claim in the four asserted patents. For example:

(a) Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(b) Edible Arrangements does not "permit the user to establish a first communication link with a host computer system" and "receive during the first communication link at the host computer system an identification of one or more events relating to the status" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(c) Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(d) Edible Arrangements' products and services do not provide a method for "initiating a second communication link...based upon occurrence of the predefined one or more events by the vehicle during the travel" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(e)  Edible Arrangements' products and services do not provide a "means for permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(f)  Edible Arrangements' products and services do not provide "means for receiving during the first communication link at the host computer system an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(g)  Edible Arrangements' products and services do not provide a "means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location" as required by claims 41-42 and 54-56 of the '359 patent as reexamined.

(h)  Edible Arrangements' products and services do not provide "means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(i)  Edible Arrangements' products and services do not provide a "means for permitting a user to predefine at a computer system one or more events that will cause communication of a notification relating to the status of a mobile vehicle" as required by claims 43 and 57 of the '359 patent as reexamined.

(j)  Edible Arrangements' products and services do not comprise a "memory storing a vehicle schedule" as required by claims 1-5 of the '998 patent.

(k)     Edible Arrangements' products and services do not comprise a "system manager configured to analyze said vehicle schedule and to determine, based on said order, a second time period that said vehicle is expected to deliver" a package as required by claims 1-5 of the '998 patent.

(l)     Edible Arrangements' products and services do not "transmit a notification message" to any recipient "identifying said second time period" as required by claims 1-5 of the '998 patent.

(m)    Edible Arrangements' products and services do not execute "receiving a plurality of packages" as required by claims 6-9 of the '998 patent.

(n)     Edible Arrangements' products and services do not execute "determining, based on said order [or packages to be delivered], a first time period that said vehicle is expected to deliver one of said packages to a recipient" as required by claims 6-9 of the '998 patent.

(o)     Edible Arrangements' products and services do not execute "causing a notification message to be transmitted to said recipient based on said determining a first time period step" that "indicates[] said first time period" as required by claims 6-9 of the '998 patent.

(p)     Edible Arrangements' products and services do not provide a "means for receiving a plurality of packages" or "means for assigning each of said packages to a vehicle" as required by claims 10-13 of the '998 patent.

(q)     Edible Arrangements' products and services do not provide a "means for determining a first time period that [a] vehicle is expected to deliver one of said packages to a recipient" as required by claims 10-13 of the '998 patent.

(r)   Edible Arrangements' products and services do not provide a "means for causing a notification message to be transmitted to said recipient, said notification message indicating said first time period" as required by claims 10-13 of the '998 patent.

(s)   Edible Arrangements' products and services do not comprise "monitoring travel data associated with a vehicle" as required by claim 5 of the '781 patent.

(t)   Edible Arrangements' products and services do not comprise "comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 5 of the '781 patent.

(u)   Edible Arrangements' products and services do not comprise "contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 5 of the '781 patent.

(v)   Edible Arrangements' products and services do not comprise "informing the user of the vehicle delay with respect to the vehicle stop" or  informing a user "of updated impending arrival of the vehicle" as required by claim 5 of the '781 patent.

(w)   Edible Arrangements' products and services do not comprise "means for monitoring travel data associated with a vehicle" as required by claim 11 of the '781 patent.

(x)   Edible Arrangements' products and services do not comprise "means for comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 11 of the '781 patent.

(y)    Edible Arrangements' products and services do not comprise "means for contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 11 of the '781 patent.

(z)    Edible Arrangements' products and services do not comprise "means for informing the user of the vehicle delay with respect to the vehicle stop" or means for informing a user "of updated impending arrival of the vehicle" as required by claim 11 of the '781 patent.

(aa)    Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle" as required by claims 1-3 of the '970 patent.

(bb)    Edible Arrangements' products and services do not comprise "means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data" as required by claims 1-3 of the '970 patent.

(cc)    Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options including at least the option for requesting information pertaining to the particular vehicle, the information being a vehicle type, a number of vehicle stops that will be encountered while the vehicle is en route to the stop location or both" as required by claims 4-7 of the '970 patent.

(dd)   Edible Arrangements' products and services do not comprise "means for initiating a notification communication pertaining to the vehicle with the user, based upon the travel data" as required by claims 4-11 of the '970 patent.

18.   Edible Arrangements denies each and every allegation in Paragraph 18.

WHEREFORE, Plaintiff has asserted three expired patents that are ineligible for injunctive relieve, have suffered no damages, and are not entitled to a judgment against Defendant or any of the relief requested in Plaintiff's WHEREFORE clause.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

19.   The complaint fails to state a claim upon which relief can be granted.

20.   The claims of the '998, '359 (reexamined claims), '781 (reexamined claims), and '970 patents are invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, et seq., including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

21.   Edible Arrangements has not and does not infringe any valid claim of the '998, '359 (reexamined claims), '781 (reexamined claims), and '970 patents nor has it engaged in willful patent infringement.

22.   Plaintiff is barred from seeking recovery of any damages for any activities prior to commencement of the present suit due to a failure to comply with the requirements of 35 U.S.C. § 287(a).

23.   Plaintiff failed to conduct an adequate pre-filing investigation.

24.   Plaintiff is not entitled to any relief or recovery by reason of coming into this Court with unclean hands and seeking to enforce patents that Plaintiff knows to be unenforceable.

25.   The '359 (reexamined claims), '781 (reexamined claims), and '970 patents are expired and Plaintiff is not entitled to injunctive relief.

26.     Any potential damages are limited by the statute of limitations for seeking damages caused by patent infringement.

WHEREFORE, having fully answered, Edible Arrangements requests the Court to:

A. Dismiss the complaint and that Plaintiff take nothing by it;

B. Declare this an exceptional case in favor of Edible Arrangements;

C. Award Edible Arrangements its attorneys' fees and costs incurred in this case; and

D. Order such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

This Counterclaim seeks declaratory judgment in favor of Edible Arrangements and against counterclaim-defendants Shipping and Transit LLC ("ST"). In support of this Counterclaim, Edible Arrangements states:

1.     Edible Arrangements is a corporation existing under the laws of Connecticut, having its headquarters in Wallingford, Connecticut.

2.     ST has alleged that it is a Florida limited liability company with a principal place of business located in Boynton Beach, Florida.

3.     This counterclaim arises under the Federal Declaratory Judgment Act and the patent laws of the United States of America. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and Federal Rule of Civil Procedure 13. Venue is proper under 28 U.S.C. §1391.

4.     A letter dated March 16, 2015 was sent from William R. McMahon to Tariq Farid. The letter was not signed. The letter failed to set forth in the demand letter the name and address of the patent owner or assignee.

5.      As a result of the allegations made by ST in its complaint and statements made previously, an actual controversy exists between ST and Edible Arrangements as to the enforceability, noninfringement, and invalidity of U.S. Patent Nos. 7,030,781 ("the '781 patent"), 6,975,998 ("the '998 patent"), 7,400,970 ("the '970 patent"), and 6,904,359 ("the '359 patent").

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.      Edible Arrangements incorporates by reference the allegations in Paragraphs 1 through 5 of this Counterclaim as if fully set forth.

7.      ST states it owns all rights, title, and interest in the patents.

8.      ST alleges that Edible Arrangements directly and indirectly infringed the '781, 998, '970, and '359 patents.

9.      Edible Arrangements sells specializes in fresh fruit arrangements, melding the concept of fruit baskets with design inspired by the floral business.

10.     The vast majority of Edible Arrangements' orders are filled by its more than 1,100 franchise stores located throughout the world.

11.     The systems, methods, and products used by Edible Arrangements and its franchisees do not infringe any claim of the '781, '998, '970, and/or '359 patents for at least the following reasons:

(a)      Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(b)    Edible Arrangements does not "permit the user to establish a first communication link with a host computer system" and "receive during the first communication link at the host computer system an identification of one or more events relating to the status" as required by claims 1-18, 46-47, and 58 of the '359 patent as reexamined.

(c)    Edible Arrangements' products and services do not provide a method for "permitting the user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(d)    Edible Arrangements' products and services do not provide a method for "initiating a second communication link…based upon occurrence of the predefined one or more events by the vehicle during the travel" as required by claims 19-39 and 48-51 of the '359 patent as reexamined.

(e)    Edible Arrangements' products and services do not provide a "means for permitting the user to predefine one or more events that will cause the creation and communication of the vehicle status report" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(f)    Edible Arrangements' products and services do not provide "means for receiving during the first communication link at the host computer system an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(g)     Edible Arrangements' products and services do not provide a "means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location" as required by claims 41-42 and 54-56 of the '359 patent as reexamined.

(h)     Edible Arrangements' products and services do not provide "means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle" as required by claims 40 and 52-53 of the '359 patent as reexamined.

(i)     Edible Arrangements' products and services do not provide a "means for permitting a user to predefine at a computer system one or more events that will cause communication of a notification relating to the status of a mobile vehicle" as required by claims 43 and 57 of the '359 patent as reexamined.

(j)     Edible Arrangements' products and services do not comprise a "memory storing a vehicle schedule" as required by claims 1-5 of the '998 patent.

(k)     Edible Arrangements' products and services do not comprise a "system manager configured to analyze said vehicle schedule and to determine, based on said order, a second time period that said vehicle is expected to deliver" a package as required by claims 1-5 of the '998 patent.

(l)     Edible Arrangements' products and services do not "transmit a notification message" to any recipient "identifying said second time period" as required by claims 1-5 of the '998 patent.

(m)     Edible Arrangements' products and services do not execute "receiving a plurality of packages" as required by claims 6-9 of the '998 patent.

(n)     Edible Arrangements' products and services do not execute "determining, based on said order [or packages to be delivered], a first time period that said vehicle is expected to deliver one of said packages to a recipient" as required by claims 6-9 of the '998 patent.

(o)     Edible Arrangements' products and services do not execute "causing a notification message to be transmitted to said recipient based on said determining a first time period step" that "indicates[] said first time period" as required by claims 6-9 of the '998 patent.

(p)     Edible Arrangements' products and services do not provide a "means for receiving a plurality of packages" or "means for assigning each of said packages to a vehicle" as required by claims 10-13 of the '998 patent.

(q)     Edible Arrangements' products and services do not provide a "means for determining a first time period that [a] vehicle is expected to deliver one of said packages to a recipient" as required by claims 10-13 of the '998 patent.

(r)     Edible Arrangements' products and services do not provide a "means for causing a notification message to be transmitted to said recipient, said notification message indicating said first time period" as required by claims 10-13 of the '998 patent.

(s)     Edible Arrangements' products and services do not comprise "monitoring travel data associated with a vehicle" as required by claim 5 of the '781 patent.

(t)     Edible Arrangements' products and services do not comprise "comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 5 of the '781 patent.

(u)     Edible Arrangements' products and services do not comprise "contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 5 of the '781 patent.

(v)     Edible Arrangements' products and services do not comprise "informing the user of the vehicle delay with respect to the vehicle stop" or  informing a user "of updated impending arrival of the vehicle" as required by claim 5 of the '781 patent.

(w)     Edible Arrangements' products and services do not comprise "means for monitoring travel data associated with a vehicle" as required by claim 11 of the '781 patent.

(x)     Edible Arrangements' products and services do not comprise "means for comparing planned timing of the vehicle along a route to updated vehicle status information" as required by claim 11 of the '781 patent.

(y)     Edible Arrangements' products and services do not comprise "means for contacting a user communications device before the vehicle reaches a vehicle stop along the route" as required by claim 11 of the '781 patent.

(z)     Edible Arrangements' products and services do not comprise "means for informing the user of the vehicle delay with respect to the vehicle stop" or  means for informing a user "of updated impending arrival of the vehicle" as required by claim 11 of the '781 patent.

(aa)   Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle" as required by claims 1-3 of the '970 patent.

(bb)   Edible Arrangements' products and services do not comprise "means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data" as required by claims 1-3 of the '970 patent.

(cc)   Edible Arrangements' products and services do not comprise "means for presenting one or more selectable options to the user, the selectable options including at least the option for requesting information pertaining to the particular vehicle, the information being a vehicle type, a number of vehicle stops that will be encountered while the vehicle is en route to the stop location or both" as required by claims 4-7 of the '970 patent.

(dd)   Edible Arrangements' products and services do not comprise "means for initiating a notification communication pertaining to the vehicle with the user, based upon the travel data" as required by claims 4-11 of the '970 patent.

12.   There has been, and is now, a substantial and continuing justiciable controversy between ST and Edible Arrangements as to the infringement of the '781, '970, '998, and '359 patents.

## COUNT II
### (DECLARATORY JUDGMENT OF PATENT TERM EXPIRATION REGARDING '781)

13.   Edible Arrangements incorporates by reference the allegations in Paragraphs 1 through 12 of this Counterclaim as if fully set forth.

14.    The application that was eventually granted as the '781 patent was filed on October 16, 2003.

15.    The application claimed priority back to numerous applications, including application No. 08/063,533, filed on May 18, 1993.

16.    Under 35 U.S.C. § 154(b), the '970 patent expired on June 11, 2013, twenty years after the filing date of application No. 08/063,533 and extended by an additional 24 days of patent term adjustment.

17.    Plaintiff is not entitled to exclude anyone from using the '781 patent after its expiration on June 11, 2013.

18.    Despite knowledge that the '781 patent was expired, Plaintiff sent a letter demanding that Edible Arrangements cease using the '781 patent without a license.

19.    Despite knowledge that the '781 patent was expired, Plaintiff sought an injunction to prevent Edible Arrangements from using the '781 patent after it expired.

20.    Edible Arrangements has suffered damage and irreparable harm from Plaintiff's actions seeking to obtain an injunction against Edible Arrangements.

## **COUNT III**
(DECLARATORY JUDGMENT OF PATENT TERM EXPIRATION REGARDING '970)

21.    Edible Arrangements incorporates by reference the allegations in Paragraphs 1 through 20 of this Counterclaim as if fully set forth.

22.    The application that was eventually granted as the '970 patent was filed on July 15, 2008.

23.    The application claimed priority back to numerous applications, including application No. 08/063,533, filed on May 18, 1993.

24.     Under 35 U.S.C. § 154(b), the '970 patent expired on July 1, 2013, twenty years after the filing date of application No. 08/063,533 and extended by an additional 44 days of patent term adjustment.

25.     Plaintiff is not entitled to exclude anyone from using the '970 patent after its expiration on July 1, 2013.

26.     Plaintiff has sought an injunction to prevent Edible Arrangements from using the '970 patent after it expired.

27.     Edible Arrangements has suffered damage and irreparable harm from Plaintiff's actions seeking to obtain an injunction against Edible Arrangements.

## COUNT IV
### (DECLARATORY JUDGMENT OF PATENT TERM EXPIRATION REGARDING '359)

28.     Edible Arrangements incorporates by reference the allegations in Paragraphs 1 through 27 of this Counterclaim as if fully set forth.

29.     The application that was eventually granted as the '359 patent was filed on June 7, 2005.

30.     The application claimed priority back to numerous applications, including application No. 08/063,533, filed on May 18, 1993.

31.     Under 35 U.S.C. § 154(b), the '359 patent expired on August 27, 2013, twenty years after the filing date of application No. 08/063,533 and extended by an additional 101 days of patent term adjustment.

32.     Plaintiff is not entitled to exclude anyone from using the '359 patent after its expiration on August 27, 2013.

33.     Plaintiff has sought an injunction to prevent Edible Arrangements from using the '359 patent after it expired.

34.     Edible Arrangements has suffered damage and irreparable harm from Plaintiff's actions seeking to obtain an injunction against Edible Arrangements.

## COUNT V
### (BAD FAITH ASSERTION OF PATENT INFRINGEMENT IN VIOLATION OF FLA. STAT. 501.993)

35.     Edible Arrangements incorporates by reference the allegations in Paragraphs 1 through 34 of this Counterclaim as if fully set forth.

36.     The Florida Legislature passed Florida Statute § 501.993, entitled the "Patent Troll Prevention Act" ("Patent Troll Act"), this past session. Florida Governor Rick Scott signed the Patent Troll Act into law on June 2, 2015 and it became effective on July 1, 2015. The Patent Troll Act prohibits bad faith assertions of patent infringement.

37.     The statute sets forth several factors courts may consider as evidence of bad faith patent infringement, including (1) failure to set forth in the demand letter the name and address of the patent owner or assignee and factual allegations concerning the specific areas in which the target's products, services, or technology infringe or are covered by the claims in the patent; (2) failure, before sending the demand letter, to conduct an analysis comparing the claims in the patent to the target's products, services, or technology or failure to identify the specific areas in which the target's products, services, or technology were covered by the claims of the patent; (3) failure to provide the factual basis for infringement upon request; (4) the claim of patent infringement was unenforceable and the plaintiff knew or should have known of its unenforceability; (5) the claim or assertion of patent infringement is deceptive; (6) the person alleging infringement has previously filed or threatened to file one or more lawsuits based on the same or similar claim of patent infringement and the threats or lawsuits lacked the name and address of the patent owner and factual allegations of infringement in the demand letter; or (7) any other factor the court finds relevant.

38.     The Patent Troll Act creates a private right of action for persons aggrieved by a bad faith assertion of patent infringement and authorizes courts to award as remedies equitable relief, damages, costs and fees, including reasonable attorneys' fees, and punitive damages in an amount equal to $50,000 or three times the total damages, costs, and fees, whichever is greater. The bad faith assertion of patent infringement is an unfair and deceptive trade practice in Florida.

39.     Plaintiff has asserted in bad faith, and continues to assert in bad faith, that Edible Arrangements infringes the '359, '781, 998, and '970 patents. Plaintiff's bad faith assertion of patent infringement violates the Patent Troll Act for several reasons.

40.     Plaintiff's assertion of patent infringement with respect to the '970, '781, '359 patents also violates the Patent Troll Act because these patents have expired.

41.     Plaintiff's bad faith assertion of patent infringement in violation of the Patent Troll Act is also evident from Plaintiff's hundreds of baseless threats and lawsuits against targeted entities alleging the same or similar claims of infringement as the claims of infringement asserted here against Edible Arrangements. Indeed, Plaintiff has filed more than 225 lawsuits alleging the same or similar claims of infringement in this Court alone. Upon information and belief, these frivolous lawsuits, and the demand letters that precede them, do not substantiate the factual basis for infringement, but instead seek only to leverage the high cost of patent litigation against the targets to obtain settlements for less money than it takes to litigate a patent infringement lawsuit.

42.     Plaintiff's violations of the Patent Troll Act have damaged Edible Arrangements by, among other things, forcing Edible Arrangement to incur the costs and attorneys' fees necessary to defend against the frivolous threats of patent infringement. As

provided by the statute, Edible Arrangements is entitled to equitable relief, damages, costs and attorneys' fees, and punitive damages in an amount equal to $50,000 or three times the total damages, costs, and fees, whichever is greater.

WHEREFORE, Edible Arrangements respectfully requests that judgment be entered in its favor on its counterclaims and against Plaintiff:

A.  Declaring that Edible Arrangements  never infringed the '998, '970, '781, and '359 patents;

B.  Enjoining Plaintiff from attempting to enjoin, seek damages from the use of, or prohibit in any way Edible Arrangements, or any other member of the public, from utilizing the '781 patent after May 13, 2013;

C.  Enjoining Plaintiff from attempting to enjoin, seek damages from the use of, or prohibit in any way Edible Arrangements, or any other member of the public, from utilizing the '970 patent after July 1, 2013;

D.  Enjoining Plaintiff from attempting to enjoin, seek damages from the use of, or prohibit in any way Edible Arrangements, or any other member of the public, from utilizing the '359 patent after August 27, 2013;

E.  Finding this to be an exceptional case and awarding Edible Arrangements its

attorneys' fees, costs, and such other relief as the Court deems appropriate.

Respectfully submitted:

By: s/_____
    Edwina V. Kessler, F.B.N. 016209
    CATRI, HOLTON, KESSLER, &
    KESSLER, P.A.
    633 South Andrews Ave
    Fort Lauderdale, FL 33301
    Telephone: (954) 463-8593
    Facsimile: (954) 462-1303
    Email: EKessler@chkklaw.com
    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on September 8, 2015 on all counsel or parties of record on the Service List below.

s/Edwina V. Kessler_____

## SERVICE LIST

William R. McMahon
Email: bill@mlfllc.com
WRM Law, LLC
37 Edinburgh Drive
Palm Beach Gardens, Florida 33418
Telephone: 561-699-3456
*Counsel for Plaintiff*